IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL SANCHEZ,

        Plaintiff,

vs.                                            CIVIL NO.  00-1747 LFG

BEATRICE SANCHEZ et al.,

        Defendants.

## MEMORANDUM AND ORDER DENYING RULE 11 SANCTIONS

On January 16, 2001, Defendants Beatrice Sanchez, Mark Garcia, LuAnna and Yvette Garduno-Rodarte each filed a motion for Rule 11 sanctions [Docs. 17, 19, 20 and 23].  A review of the certificate of service on the motions indicates that the motions were served on the Plaintiff on the same date they were filed with the Court, that is, January 16, 2001.

The Federal Rules of Civil Procedure set out a very precise method to initiate a Rule 11 motion.  Motions for sanctions under Rule 11(c) must be made separately from other motions.  See, e.g., Johnson v. Waddell & Reed, Inc., 74 F.3d 147, 150 (7th Cir. 1996), and must allege with specificity the alleged violation of Rule 11(b).  The Rule contemplates that the parties will attempt to resolve their dispute prior to filing the motion.  Indeed, the Rule provides:

> It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within twenty-one days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

Rule 11(c)(1)(A).

This rule creates a "safe harbor." Under Rule 11(c)(1)(A), a request for sanctions may not be filed with the court until twenty-one days after service of the motion. This safe harbor provision is intended to allow the document challenged by the proposed sanctions motion to be withdrawn or corrected within that time frame. If the offending document is withdrawn or corrected, sanctions cannot be imposed.

On the very face of the motions, it appears that moving parties failed to comply with the practice requirements of Rule 11. The motions were filed with the Court on the same day they were served on Plaintiff. Moving parties did not adhere to the "safe harbor" provisions of the Rule. Compliance with the requirements of the Rule is not discretionary, but mandatory. Accordingly, each of these motions will be denied for failure to comply with Rule 11(c)(1)(A).

                                                                        _____
                                                                        Lorenzo F. Garcia
                                                                        United States Magistrate Judge